WILL PIERCE v. THE STATE.

No. 20247.  Delivered March 1, 1939.

The opinion states the case.

*Homer Lee Parsons,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is driving a motor vehicle upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of sixty days and a fine of $50.00.

Appellant's principal contention is that the evidence is insufficient to sustain his conviction.

The state's testimony, briefly stated, shows that on the evening of the 4th day of October, 1937, Mrs. Bonner Frizzell and her sister were returning to her home from Fort Worth. That when they reached a point near the town of Athens in Henderson County, they had a collision with a car driven by appellant. The car in which Mrs. Frizzell and her sister were driving was on the right side of the road, while appellant, who was coming from the opposite direction, had driven over on that side of the road as a consequence of which the collision occurred.

The sheriff, who was immediately notified of the occurrence, arrested appellant and took him to jail. He testified that appellant was drunk, walked in an unsteady manner, talked incoherently and that his breath carried the odor of whisky. Dr. Henderson, who was at the jail when appellant was brought in, also testified that appellant was drunk. Appellant testified in his own behalf that he was not intoxicated. Other witnesses testified to the same effect. This raised an issue as to whether appellant was intoxicated at the time, and this issue the jury decided adversely to appellant's contention. Under the circumstances above stated, this court would not be authorized to disturb their verdict.

Appellant applied for a continuance based on the absence of Mrs. Emma Harrison, by whom he expected to prove that she was with him in the car at the time of the collision and that he was not under the influence of intoxicating liquor. The court overruled the application but no exception was taken to the court's ruling. Hence the matter is not properly before us for review.

Appellant next contends that the verdict is too indefinite and is insufficient. We quote from it as follows:

"We the jury find the defendant guilty of driving a motor vehicle on a public highway while under the influence of intoxication. And assess punishment of confinement in County Jail of 60 days and fine of fifty dollars.

"C. H. Holmes, Foreman"

There is no doubt in our minds as to the sufficiency of this verdict. It could hardly be expressed in more certain terms.

All other matters complained of are without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.